Indigent Clinic — Blood Bank — County Funds Funds derived from an appropriate mill levy, the county general fund appropriation to the county health department, and cooperative health funds contributed by cities, towns and school districts, cannot be used to maintain and operate a curative Medical Care Clinic for the indigent, nor can they be used to assist in the financing of a blood bank. The Attorney General has considered your recent letter wherein you refer to 63 O.S. 1-205 [63-1-205], 63 O.S. 1-206 [63-1-206], 63 O.S. 1-223 [63-1-223] and 63 O.S. 1-226 [63-1-226] (1968), and ask in effect the following question: Can funds derived from an appropriate mill levy, the county general fund appropriation to the county health department, and cooperative health funds contributed by cities, towns and school districts, be used for the following purposes: 1. to maintain and operate a Curative Medical Care Clinic for the indigent; and 2. to assist in the financing of a blood bank which is not located in nor staffed by the county health department, or under the supervision of the Medical Director of the county health department? Your attention is directed to the Opinion of the Attorney General No. 65-298, a copy of which is enclosed, in which Dr. Kirk T. Mosely, then the Commissioner of Health, asked the following question: "I should like to have you tell me whether or not . . . indigent medical care is a proper function of a local health department, and can the Commissioner of Health approve an agreement which might contain financial provisions for indigent medical care?" After considering the statutes to which you refer above, the Attorney General concluded as follows: "It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Medical care and treatment of individual indigent patients is not primarily a service or function of a County Department of Health, as such service is the responsibility of the proper county officials under 19 O.S. 781 [19-781] through 19 O.S. 795 [19-795] (1961). Furthermore, the State Commissioner of Health should not approve an agreement, such as that described in 63 O.S. 1-207 [63-1-207] (1963), if said agreement provides that funds derived from the levy authorized by Article X, Section 9A of the Oklahoma Constitution, and 63 O.S. 1-223 [63-1-223] (1963), will be used to provide medical care and treatment to indigent persons, as such would violate Article 10, Section 19 of the Oklahoma Constitution." Opinion No. 65-298 is hereby reaffirmed and incorporated into this opinion. That opinion should be dispositive of the first part of your question. In answer to the second part of your question, we have carefully examined the second article of the Public Health Code, 63 O.S. 1-201 [63-1-201] through 63 O.S. 1-226 [63-1-226] (1968), and find no mention of financing or assisting in the financing of a blood bank as a local health service within the meaning of the article. Section 63 O.S. 1-206 [63-1-206] of the Public Health Code designates the various functions or services which a county Department of Health shall provide and is in part as follows: ". . . maintain programs for disease prevention and control, health education, guidance, maternal and child health, including school health services, environmental health, water pollution control, quality of public water supplies, health in the working environment, radiological health, safety, sanitation, nutrition and other matters affecting the public health; provide preventive services to the chronically ill and aged; maintain vital records and statistics; supervise nursing, convalescent and rest homes, and related institutions; assist the State Commissioner of Health in the performance of his official duties, and perform such other acts as may be required by the Commissioner; and maintain programs for mental health and day care of children." Section 63 O.S. 1-207 [63-1-207] of the Public Health Code provides that Cooperative Departments of Health may be formed by agreement between the County Board of Health and the governing boards of cities, towns or school districts in order to provide "all or any of the services that may be provided by a County Department of Health." The functions and services set out in 63 O.S. 1-206 [63-1-206] (1968), supra, are preventive type programs directed at the general public health. They are not programs to provide treatment or facilities for the treatment of patients. The sources of funds to which you refer, Article 10, Section 9(A) Oklahoma Constitution and 63 O.S. 1-223 [63-1-223] and 63 O.S. 1-226 [63-1-226] (1968), all relate and are directed to the programs designated in the Public Health Code. To use such funds for other than the purposes so designated is to violate Article X, Section 19 Oklahoma Constitution, which provides that no tax levied for one purpose shall ever be devoted to another purpose. It is therefore the opinion of the Attorney General that your question be answered in the negative; that is, funds derived from an appropriate mill levy, the county general fund appropriation to the county health department, and cooperative health funds contributed by cities, towns and school districts, cannot be used to maintain and operate a Curative Medical Care Clinic for the indigent, nor can they be used to assist in the financing of a blood bank. (Dell Gordon)